UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :          09 CR 555 (HB)
        - against -                 :
                                    :          OPINION &
                                    :          ORDER
LILIA RENTAS, ET AL.                :
                                    :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

       Defendant Lilia Rentas ("Rentas" or "Defendant"), along with two co-defendants, was charged in a one-count indictment with conspiring to distribute and possess with the intent to distribute cocaine and cocaine base (commonly known as "crack") in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. On October 15, 2009, Ms. Rentas pled guilty to the conspiracy charge. Rentas now moves for release on bail pending sentencing, pursuant to 18 U.S.C. §§3143(a) and 3145(c). For the reasons that follow, Rentas' motion is GRANTED.

**FACTUAL BACKGROUND**

       Rentas was arrested in the course of a Drug Enforcement Agency ("DEA") Narcotics Task Force surveillance operation in New Jersey. After her arrest, Rentas was arraigned and released from custody based on a government-proposed bond package. Defendant obtained a $250,000 personal recognizance bond co-signed by two individuals, submitted to and passed a urinalysis drug test, and otherwise met the terms of her release. According to defense counsel, Defendant's pre-trial officer "affirmed that Ms. Rentas was fully compliant with the conditions of her release." On October 15, 2009, she pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base. 18 U.S.C. § 846. Rentas' role in the conspiracy primarily consisted of storing cocaine for about one week. Rentas is a single mother who has a four-year old daughter. The daughter suffers from a series of maladies. The Defendant is currently employed as a dental assistant, a position she has held for ten years. She has no prior record of drug-related offenses.

## DISCUSSION

The discretion to release a defendant from custody prior to sentencing depends on the nature of the offense involved.  Here, Defendant pled guilty to a drug conspiracy under the Controlled Substances Act.  *See* 18 U.S.C § 846.  Since Defendant pled guilty to a drug felony and faces a prison term of ten or more years, generally under the circumstances of this case,  the Court is obliged to follow 18 U.S.C. § 3143(a)(2), which provides for release only where (1) the Court find a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed <u>and</u> (2) the Court finds "clear and convincing evidence" that a defendant is not likely to flee or pose a danger to any person or the community.  One exception to these requirements, however, is found in 18 U.S.C. § 3145(c), which states that a person subject to detention under § 3143(a)(2) (the Defendant's position here) may be released where (1) she meets the conditions of release in § 3143(a)(1) (*i.e.* "clear and convincing evidence" that she will not flee or pose a danger) and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[1]

Section 3145(c) does not define the term "exceptional reasons."  The Second Circuit has construed the term to mean, "a unique combination of circumstances giving rise to situations that are out of the ordinary."  *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).  In *DiSomma*, the Second Circuit noted that "unusual legal or factual questions" or "merely substantial questions" could be sufficient exceptional reasons, but also made clear that there was no "requirement of absolute legal novelty." 951 F.2d at 497.  Although "purely personal" circumstances do not typically rise to the level of an exceptional reason, *see Lea*, 360 F.3d at 403 (quoting *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001)), courts in this circuit and elsewhere have found that a combination of unique facts that include personal factors can be considered exceptional so as to warrant release.  *See, e.g., Lippold*, 175 F. Supp. 2d at 540 ("in combination with other factors, family circumstances may warrant release pending sentencing pursuant to § 3145(c)"); *United

---

[1] This section is applicable to both pre-sentencing and pre-appeal release of a defendant. *See, e.g., United States v. Lippold*, 175 F. Supp. 2d 537, 539 (S.D.N.Y. 2001) (applying the "exceptional reasons" analysis to a pre-sentence defendant and quoting *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) for the proposition that the language "may be applied by the judicial officer initially ordering such mandatory detention, despite its inclusion in a section generally covering appeals").

*States v. Sabhnani*, 529 F. Supp. 2d 377, 383 (E.D.N.Y. 2007) (finding exceptional reasons to release where defendant was "solely responsible for operating his business"); *United States v. Hooks*, 330 F. Supp. 2d 1311, 1313-14 (M.D. Ala. 2004) (finding lack of available care for three children of defendant to be exceptional). Ultimately, this "somewhat amorphous standard invites a case-by-case evaluation" of the circumstances and arguments. *See United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001). The "test under §3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *Lea*, 360 F.3d at 403.

Rentas has demonstrated with "clear and convincing evidence" that she is neither a flight risk nor a danger to others, and thus satisfies the first prong of § 3145(c). Prior to her guilty plea, Rentas was released on bail for five months without incident and complied fully with the conditions of her release. She tested negative for drugs, reported regularly to pre-trial services, and continued her employment. According to her counsel, she earns only a small income and has no savings. Her role in the conspiracy was minor and did not involve violence. She has no prior criminal record related to drugs or violence. She is a single mother with a young daughter. Significantly, the government concedes that she will likely not be a flight risk or danger to the community. For these reasons, I find that Rentas presents no risk of flight and no danger to others, and therefore "meets the conditions of release set forth in section 3143(a)(1)." *See* 18 U.S.C. § 3145(c).

I also believe that Rentas has demonstrated a sufficiently "unique combination of circumstances" to show an exceptional reason to warrant pre-sentence release. *See Lea*, 360 F.3d at 403. As noted above, Defendant was previously released without incident and complied fully with her release terms. She is gainfully employed as a dental assistant, a job which she has held for ten years; it is her co-workers that are co-signers of the bail package. The Defendant offered to and did cooperate with the government in this investigation. Her role in the conspiracy consisted of her agreement with a friend to hold some cocaine for a week.[2] Finally,

---

[2] The government contends that reliance on employment, schooling, and a lack of prior convictions in determining exceptional reasons is both improper and clear error. *See* Pl. Letter Br. at 3. While it is true that the Second Circuit has found "nothing exceptional about going to school, being employed, or being a first-time offender, either separately or in combination," I do not rest my decision solely on these factors. Rather, I find these to be additional facts which, coupled with her family situation and daughter's health issues, further support the uniqueness of the Defendant's situation and together warrant release pending sentencing. *See Lippold*, 175 F. Supp. 2d at 540-41 (collecting cases where unique family situation and other factors such as employment or lack of record are sufficiently exceptional to merit release).

3

and most significant, Rentas has a four-year old daughter who suffers from hyperactivity and insomnia. Although Rentas' sister is temporarily taking care of the child, her sister has three children of her own and can provide minimal care for a fourth young child. Hyperactivity and insomnia are legitimate medical issues, and require significant time and care.[3] Given her young daughter's medical history, Defendant's situation is not a common family circumstance. As I understand it, her parents are away in Puerto Rico and will return in the next month or so, and can provide adequate care for her four-year old when they do. This is relevant since Rentas is scheduled for sentencing on December 1, 2009 and would only be released to care for her child for little more than a month.

In both *Hooks* and *Sabhnani*, a distinguishing factor that made the circumstances exceptional was the reliance of others on the individual to be incarcerated. *See Hooks*, 330 F. Supp. 2d at 1313 (releasing mother to make arrangements for care of her three children and noting that "her immediate detention would punish her children"); *Sabhnani*, 529 F. Supp. 2d at 383 (releasing defendant who is solely responsible for business because he has "various employees who are dependent upon their jobs, salaries and benefits."). This case presents another situation where an innocent child is unusually dependent upon a person subject to the near-mandatory remand scheme of § 3143(a)(2). While it is true that all children are in some way dependent on their parents, the younger the child, the more dependent he or she is. The circumstances in this case are sufficiently distinct as to rise above the level of a common family issue. As in *Hooks*, it is not simply that Defendant is a single-mother with a child, "[i]t is the circumstances of [Rentas'] child[] that constitutes the 'exceptional reasons'." Rentas is a long-time employee, non-violent with no significant prior record, has demonstrated her willingness to comply with release conditions, has cooperated with the government, and is a single-mother with a child with medical issues. She needs only a brief period of time to establish proper care and treatment for her daughter, and to alert her child that her mother will be gone for some time. As

---

[3] According to the National Institutes of Health, "Attention deficit-hyperactivity disorder (ADHD) is a neurobehavioral disorder that affects 3-5 percent of all American children." National Institute of Neurological Disorders and Stroke, National Institutes of Health, *NINDS Attention Deficit-Hyperactivity Disorder Information Page*, June 6, 2008, http://www.ninds.nih.gov/disorders/adhd/adhd.htm. Treatment includes behavior-based training of the affected individual, and also requires "parent education." *See, id.* Insomnia is recognized as a "sleep disorder" by the National Institutes of Health. National Institute of Neurological Disorders and Stroke, National Institutes of Health, *Brain Basics: Understanding Sleep: Sleep Disorders*, May 21, 2007, http://www.ninds.nih.gov/disorders/brain_basics/understanding_sleep.htm#sleep_disorders. Treatment includes "practicing good sleep habits," something that a four-year old could not do without guidance from a parent or guardian. *See, id.*

noted above, I have agreed to an expedited sentence date and it is now less than six weeks away. This combination of unique factors leads me to conclude that, along with strict Pre-Trial Services supervision, the requisite exceptional reasons to grant Rentas' release are present here, especially for the brief period of time prior to sentencing.

## CONCLUSION

For the foregoing reasons, Rentas' motion for release pending sentencing is GRANTED.

SO ORDERED
October 26, 2009
New York, New York

_____
U.S.D.J.

5